# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

Plaintiff,                                          Civil Case No._____

LEVI FOERDERER                          )

v.                                                     )

                                                          )              **JURY TRIAL DEMANDED**

Defendants,                                      )

EXPERIAN INFORMATION
SOLUTIONS INC ,                          )
EQUIFAX INFORMATION SERVICES
 LLC ,                                              )
TRANSUNION CORP ,
ONE MAIN HOLDINGS                   )
INC

### COMPLAINT

---

### I. JURISDICTION.

The court has jurisdiction over the parties to this action and the subject matter

thereof pursuant to 15 U.S.C §1681p, and 28 U.S.C § 1331.

### II. PLAINTIFF.

Plaintiff, LEVI FOERDERER ("Foerderer"), is a natural person and citizen of

LaMoure, North Dakota, who resides at 10279 78th St SE Lamoure, ND

Lamoure County.

1

## III. DEFENDANTS,

Defendant, EXPERIAN INFORMATION SOLUTIONS INC. ("Experian"), is a Ohio Corporation that conducts business within this district and maintains its principal place of business in Costa Mesa, California. Its address for service of process is: 475 Anton Blvd,. Costa Mesa, CA 92626.

Defendant, EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), is a Georgia limited liability company that conducts business within this district and maintains it's principal place of business in Atlanta, Georgia. Its address for services of process is: 80 State Street Albany, NY 12207.

Defendant, TRANSUNION CORP ("Transunion"), is a Delaware Corporation that conducts business within this district and maintains its principal place of business in New Castle, DE.  Its address for service of process is: 555 West Adams Street Chicago, IL 60661.

Defendant, ONEMAIN HOLDINGS, INC. ("One Main"), is a Indiana Corporation that conducts business within this district and maintains its principal place of business in Evansville, Indiana. Its address for service of process is: 601 NW 2nd Street Evansville, IN 47708.

2

## IV. CLAIM.

1. Foerderer is a "consumer" as defined by the Fair Credit Reporting Act ("FCRA").

2. Experian is a "consumer reporting agency" as defined in the FCRA.

3. Equifax is a "consumer reporting agency" as defined in the FCRA.

4. Transunion is a "consumer reporting agency" as defined in the FCRA.

5. One Main is a "furnisher of information" as defined in the FCRA.

6. Under U.S.C §1681c credit reporting agencies are required to report any information regarding a consumer that was furnished to the agency and is disputed by the consumer, the agency shall indicate that fact in each consumer report that includes the disputed information.

7. Under U.S.C §1681i whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumers statement or a clear and accurate codification or summary thereof.

**8.** Under U.S.C §1681i if the completeness or accuracy of any item of information contained in a consumers file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, the agency shall free of charge conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of disputed information or delete the item of information from the file.

**9.** Under U.S.C §1681s-2 furnishers of information shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that information is inaccurate.

**10.** Under U.S.C §1681s-2 the duty of furnishers of information upon notice of dispute is if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

**11.** On three separate occasions  March  25,2024 , April 19, 2024 , and

4

April 29, 2024 Foerderer filed disputes with Experian concerning inaccurate information on the One Main Financial account,containing all information needed to conduct a reinvestigation and delete negative information concerning One Main Financial account.

12. Experian did not remove the negative information from Foerderer's file nor did they clearly note in Foerderer's credit report that the account was  disputed. Experian also failed to properly reinvestigate the disputed account with One Main Financial.

13. Foerderer provided ample and sufficient information to Experian for them to remove the inaccurate information.

14. On two separate occasions March 25, 2024 and May 10, 2024 Foerderer filed disputes with Equifax concerning inaccurate information on the One Main Financial account. Foerderer provided Equifax with all information needed to conduct a reinvestigation and delete negative information concerning One Main Financial account.

15. Equifax did not remove the negative information from Foerderer's file nor did they clearly note in Foerderer's credit report that the account

was disputed. Equifax also failed to properly investigate the disputed account with One Main Financial.

**16.** On two separate occasions March 25,2024 and May 10,2024 Foerderer filed two separate disputes with TransUnion concerning inaccurate information on his One Main Financial account. Foerderer provided Transunion with all information needed to conduct a reinvestigation and delete negative information concerning One Main Financial account.

**17.** Transunion did not remove the negative information from Foerderer's file nor did they clearly note in Foerderer's credit report that the account was disputed. Equifax also failed to properly investigate the disputed account with One Main Financial.

**18.** In April of 2024 Foerderer contacted One Main on seven different occasions by phone to dispute the information they had provided to Experian.

**19.** One Main admitted multiple times that they had the wrong email address on file for Foerderer. They had sent Foerderer's statement to the

wrong email address and therefore Foerderer never received notice of amount due.

20. One Main reported a delinquent payment to Experian that Foerderer had no knowledge of an amount due.

21. One Main has continuously refused to remove the inaccurate reporting of Foerderer's account to the credit bureaus.

22. Neither Experian, Equifax, Transunion nor One Main reported the dispute in Foerderer's consumer report.

## CONSUMER REPORTING AGENCY

23. Experian, Equifax and Transunion violated 15 U.S.C§1681e by failing to assure maximum possible accuracy of the information concerning Foerderer's consumer report.

24. Experian, Equifax and Transunion violated 15 U.S.C§1681i by failing to promptly delete the inaccurate or incomplete information on Foerderer's consumer report.

**25.** Experian, Equifax and Transunion violated  15 U.S.C§1681i by failing to clearly note that the One  Main Financial account was disputed and by failing to include a clear statement of the dispute.

**26.** Experian, Equifax and Transunion violated  15 U.S.C§1681i by failing to conduct a reasonable investigation into the disputed One Main Financial Account.

## FURNISHER OF INFORMATION

**27.** One Main violated 15 U.S.C§1681s-2 by furnishing information relating to Foerderer to the consumer reporting agency that they knew or had reasonable cause to believe was inaccurate.

**28.** One Main violated 15 U.S.C§1681s-2 by failing to provide notice of dispute to the consumer reporting agency after Foerderer filed a dispute.

**29.** Experian, Equifax, Transunion and One Main's unlawful conduct was willful, in that it was part of a policy or custom to not correct disputed information as well as not give notice of dispute to consumer reporting agencies. Not use reasonable procedures to ensure maximum possible

8

accuracy as well as not conduct reasonable reinvestigations into disputed items.

30. As a direct and proximate result of Experian, Equifax, Transunion and One Main's unlawful conduct, Foerderer has suffered damages and is entitled to relief, including actual or statutory damages including mental anguish, emotional distress, loss of favorable credit terms, embarrassment, punitive damages, recover of costs and attorney's fees incurred pursuant to 15 U.S.C§1681n and/or 1681o.

31. Wherefore, plaintiff demands judgment in his favor against defendants along with such further relief deemed just and proper by the court.

Dated: January 25, 2025 Respectfully submitted,

Levi Foerderer pro se
10279 78th St SE
Lamoure, ND 58458
levi.esf132@gmail.com
701.805.5955